IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                            Case No. 4:12cr71/RV/HTC
                                                                         4:22cv24/RV/HTC

JOHNNY CURTIS BEDGOOD,
    Aka "Red"; Geraud Smith;
    Kevin Bedgood,

                    Defendant.
_____/

**GOVERNMENT'S MOTION TO DISMISS WITHOUT
PREJUDICE DEFENDANT'S UNAUTHORIZED SECOND-IN-TIME
MOTION UNDER 28 U.S.C. § 2255 (Doc. 103)
OR, IN THE ALTERNATIVE, TO DETERMINE IT UNTIMELY**

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, pursuant to 28 U.S.C. § 2255, the rules governing section 2255 proceedings, and this Court's order (Doc. 104), and hereby moves to dismiss, without prejudice, the unauthorized second § 2255 motion to vacate, set aside, or correct sentence (Doc. 103) filed by Defendant Johnny Curtis Bedgood, aka "Red"; Geraud Smith; and Kevin Bedgood (hereinafter "the defendant," or Bedgood).  The defendant's motion is also untimely, precluding consideration on the merits. The government would reserve its other arguments against the merits of the

1

defendant's motion pending the district court's ruling on this motion to dismiss.

## I. PROCEDURAL BACKGROUND

A December 4, 2012, indictment charged Bedgood with possessing with intent to distribute cocaine and 28 grams or more of crack cocaine (count one), possessing a firearm in furtherance of the drug trafficking crime (count two), and possessing the firearm as a convicted felon (count three). (Doc. 1). The drugs and firearm had been seized during execution of a search warrant at Bedgood's residence. *United States v. Bedgood*, 2018 WL 11301522, *1 (N.D.Fla. Aug. 3, 2018).

Prior to trial, the government filed a notice under 21 U.S.C. § 851 indicating that the defendant was subject to enhanced penalties based on his prior felony drug convictions. *Bedgood*, 2018 WL 11301522 at *1.

Folowing a two-day trial, the jury found Bedgood guilty on all three counts. In response to a special interrogatory, the jury found that the defendant was responsible for 28 grams or more of crack. *Bedgood*, 2018 WL 11301522 at *1.

Due to the drug type and amount, Bedgood's base offense level on counts one and three, before application of chapter four enhancements, was

34. Based upon chapter four enhancements, Bedgood was a career offender under United States Sentencing Guidelines Manual ("Guidelines Manual") § 4B1.1 and an armed career criminal under Guidelines Manual § 4B1.4. Under either of these provisions, because the maximum sentence on count one was life, the base offense level was 37. There were no adjustments to the base offense level. *Bedgood*, 2018 WL 11301522 at *1.

The defendant's criminal history category was VI both because he had 16 criminal history points and because he was a career offender and armed career criminal. With a total offense level of 37 and criminal history category of VI, his guideline imprisonment range on counts one and three was 360 months to life. The minimum sentence on count one was 10 years, and the minimum on count three was 15 years. Together, the minimum on those counts was 15 years, inasmuch as the 10 and 15 year minimums could be concurrent. *Bedgood*, 2018 WL 11301522 at *1.

On count two, the minimum mandatory sentence was 5 years consecutive to any other sentence. So, the guideline range on that count 60 months. The combined minimum on all counts was 20 years. The combined guideline range on all counts was 420 months to life. *Bedgood*, 2018 WL 11301522 at *1.

On September 26, 2013, Bedgood was sentenced to 300 months concurrent on counts one and three and 60 months consecutive on count two for a total sentence of 360 months. This was a downward variance, that is, a below-guideline sentence not based on a departure under the Guidelines Manual. The ultimate finding, based on all the circumstances, was this: "The sentence is 'sufficient,' a lesser sentence would not be 'sufficient,' and a greater sentence is not 'necessary' to comply with the statutorily-defined sentencing purposes. 18 U.S.C. § 3553(a)." (Statement of Reasons, Doc. 47 – p. 5.)  *Bedgood*, 2018 WL 11301522 at *1. The district court made it clear for the record that it would impose the same sentence even if the defendant had been correct that the 924(e) conviction was not properly established. (Doc. 65 – p. 20). The guideline range here would be the same even without the 924(e) conviction. (*Id.*).   The court noted, "[t]his is a case that's very much what Congress had in mind when it established the career offender provisions. It's the kind of case Congress had in mind when it adopted 924(e), providing the enhanced penalties for gun possession by a person with this record, also."   (*Id.* at pp. 20-21).

Bedgood took a direct appeal.  *Bedgood*, 2018 WL 11301522 at *2. An element of his treatment as a career offender and armed career criminal

4

was that he was age 18 or more when he committed the current offenses and that he was age 18 or more or met other criteria for the relevant prior convictions. (*Id.*). He asserted on appeal that the age determination could properly be made only by a jury, not by the judge. (*Id.*). He also claimed that his trial attorneys were constitutionally ineffective. (*Id.*). The Eleventh Circuit affirmed, rejecting the age claim and declining to address the ineffective-assistance claim on the merits. (*Id.*). The district court's judgment was affirmed on June 23, 2014 (Doc. 69) and mandate issued on August 1, 2014 (Doc. 70).

Bedgood timely filed his first § 2255 motion on September 23, 2015. (Doc. 71). *Bedgood*, 2018 WL 11301522 at *2. He asserted multiple claims of ineffective assistance of counsel. (*Id.*). The district court denied the first § 2255 motion (Doc. 71) and denied a certificate of appealability. (Doc. 91). The Eleventh Circuit also denied a certificate of appealability. (Doc. 100). Bedgood's Writ of Certiorari was denied by the Supreme Court on October 7, 2019 (2019 WL 4922332) and his Petition for Rehearing was denied on January 13, 2020 (2020 WL 130027). (Doc. 102).

Without authorization from the Eleventh Circuit Court of Appeals, Bedgood untimely filed his second § 2255 motion (Doc. 103) on January 10,

2022 attacking the correctness of his original judgment of September 26, 2013 (Doc. 46).

## II. LEGAL ANALYSIS

"After a criminal defendant has had a trial and direct appeal, 28 U.S.C. § 2255 allows him one—and generally, only one—opportunity for a collateral attack." *Telcy v. United States*, 20 F.4th 735, 740 (11th Cir. 2021); (see also 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021). Prior to filing a "second or successive" habeas petition, AEDPA requires a prisoner to obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).  (*Id.*; *Holt*, 417 F.3d at 1175). Without first obtaining that authorization, the district court is without jurisdiction to consider the merits of a second or successive habeas petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Williams*, 510 F.3d at 1295. This rule "is grounded in respect for the finality of criminal judgments." *Calderon v. Thompson*, 523 U.S. 538, 558, 118 S.Ct. 1489 (1998).

"No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration

6

shall be subject to fresh litigation on issues already resolved." <u>Mackey v. United States</u>, 401 U.S. 667, 691, 91 S. Ct. 1171, 1179, 28 L.Ed.2d 404 (1971) (Harlan, J., concurring in judgments in part and dissenting in part).

At a minimum, based on the above and foregoing, the defendant's second 2255 (Doc. 103) should be denied, without prejudice, for failure to obtain authorization from the Eleventh Circuit to file it.

Additionally, the Petitioner's second § 2255 Motion (Doc. 103) is untimely. 28 U.S.C. § 2255(f) provides for a one-year limitation period for § 2255 motions. 28 U.S.C. § 2255(f). Under § 2255(f):

The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court <u>and</u> made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented

could have been discovered through the exercise of due diligence. Id.

In large measure, with 10 citations to the decision, the defendant hangs his proverbial hat on the Supreme Court's opinion in *Descamps v. United States*, 133 S.Ct. 2276 (2013), decided on June 20, 2013, more than three months prior to the defendant's sentencing on September 26, 2013; almost eight months prior to the filing of his brief on direct appeal on February 13, 2014; and more than 27 months before his first 2255 motion on September 23, 2015. *Descamps* was a decision based on statutory interpretation and did not create a new rule of constitutional law; rather, it was an interpretation of *Taylor v. United States*, 495 U.S. 575 (1990). *See In re Griffin*, 823 F.3d 1350, 1356 (11th Cir. 2016) ("*Descamps* is a rule of statutory interpretation, not constitutional law."). If *Descamps* afforded the defendant any relief, he should have raised it at sentencing, on direct appeal, or in his first 2255 if it gave rise to an ineffective assistance of counsel claim. Under no circumstances is seeking relief pursuant to *Descamps* timely, even if the second 2255 had been authorized by the Eleventh Circuit, which it has not.

Likewise, *Rehaif v. United States*, 588 U.S. \_\_\_\_, 139 S. Ct. 2191, (2019), cited nine times by the defendant in his second 2255 (Doc. 1 – pp. 16-18), was decided by the Supreme Court on June 21, 2019. Even had *Rehaif* announced a new rule of constitutional law, which it did not (*see In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)), and if the Supreme Court had made it retroactively applicable on collateral review, which it did not, the defendant's use of it almost two and a half years later to seek relief in a second unauthorized 2255 is untimely.

As a preview of what the government will additionally argue if required to respond to the merits should this motion to dismiss not be granted <u>AND IF</u> the Eleventh Circuit allows Bedgood to file a second 2255, the Court can consider the following:

1.  As noted by the district court (2018 WL 11301522 at *6; Doc. 91 – pp. 14-15), as to Bedgood's four prior Florida felony drug convictions, "the Eleventh Circuit has squarely rejected the argument that [Florida Statute] § 893.13 as amended does not meet the § 841, career-offender, and armed career-criminal definitions. *See United States v. Smith*, 775 F.3d 1262, 1266-1268 (11th Cir. 2014)" (See also *Shular v. United States*, 140 S.Ct. 779, 784 (2020); *United States v, Pridgeon*, 853 F.3d 1192, 1196 (11th

9

Cir. 2017); *United States v. Smith*, 983 F.3d 1213, 1219 (11th Cir. 2020); *United States v. Bishop*, 940 F.3d 1242, 1253 (11th Cir. 2019)).

    2. A district court lacks the authority to review an alleged sentencing error on a motion to vacate, set aside, or correct a sentence unless the claimed error constitutes a fundamental defect that inherently results in a complete miscarriage of justice. (S*ee Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc)("Likewise, the alleged error in this appeal—erroneously designating a defendant as a career offender—is not a fundamental defect that inherently results in a complete miscarriage of justice."). Bedgood does not allege actual innocence in the charged offenses and admitted at least three prior drug convictions at sentencing.   (Doc. 65 – p. 9). In light of the §851 enhancement, only one conviction was required to raise Bedgood's statutory penalties to include ten years to life in prison. 21 U.S.C. §841(b)(1)(B).   He has no made no showing of a fundamental miscarriage of justice.

## Conclusion

    For each of the foregoing reasons, this Court should grant the government's motion to dismiss Bedgood's unauthorized second 2255 motion, without prejudice, or in the alternative, find it untimely.

Respectfully submitted,

JASON R. COODY
United States Attorney

*/s Lennard B. Register, III*
LENNARD B. REGISTER, III
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 264970
21 East Garden Street, Ste. 400
Pensacola, FL 32502
(850) 444-4000
len.register@usdoj.gov

## LOCAL RULE 7.1(F) CERTIFICATE

I certify that the above motion complies with the length limit set forth in N.D. Fla. Loc. R. 7.1(F). This motion contains 2,015 words.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this motion has been mailed via U.S. mail to Johnny Curtis Bedgood, Reg. No. 21971-017, FCI Coleman Medium Federal Correctional Institution, Po Box 1032, Coleman, Fl 33521 on this 2nd day of March, 2022.

*/s Lennard B. Register, III*
LENNARD B. REGISTER, III
Assistant United States Attorney

11